(No. 1195—

JAMES EDWARD FITZMAURICE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

JOHN BRODERICK, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

It is agreed between the attorney for claimant and attorneys for the State that the facts in this case are as follows: that claimant was sentenced by one of the courts of Cook County to serve a term in the Pontiac Reformatory at Pontiac, Illinois, on the charge of burglary; that after he had served his term, or a sufficient part thereof, he was paroled subject to his being confined at the Dixon State Colony at Dixon, Illinois; that subsequently he was incorrectly adjudged a feeble minded person and sent to said

school and colony for that condition, but that claimant was not a feeble minded person but was an epileptic; that the first few months he was in said colony claimant had more than twenty-five or thirty epileptic convulsions a month; that he responded very rapidly to treatment for his condition as an epileptic and within the course of about four months the convulsions ceased; that two months after the convulsions had ceased he was placed upon a work detail at the colony and while on said work detail worked with a concrete mixer making concrete for use at the colony; that, while working on said concrete mixer, claimant, against the orders of the State employee in charge of said work detail, went to the opposite side of the machine, took a stick dipped in some grease and was attempting to put some grease on said mixer; and that, as a result of his efforts to grease the machine, his hand became caught in the gears of the machine, so mangling it that it was necessary to amputate most of the first or index finger and all of the other three fingers of his right hand; that all of the patients of said institution on said work detail, and the State employees in charge at the time of the accident, stated that claimant did not have any convulsions at the time the accident occurred and that the injury was not the result of any epileptic condition.

In his declaration claimant does not state the amount claimed but says that previous to his confinement in said institution he was employed as a teamster and received as wages approximately $36.00 per week.

The Attorney General has filed a general and special demurrer to claimant's declaration. Claimant's attorney has submitted the case without brief or argument.

Claimant was not an employee of the State at the time of the accident, but was an inmate of a State institution, and would not come under the provisions of the Workmen's Compensation Act. This court has repeatedly held that the State is not legally or equitably liable to an inmate who receives an injury while confined in one of its institutions.

The demurrer is therefore sustained and the cause dismissed.